UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON OMELIA,

      Plaintiff,

v.                                                                 Case No. 8:17-cv-469-T-24 MAP

TOWING AMERICA, LLC d/b/a
Jimmies Towing and Recovery, and
SHANNON ANDERSON,

      Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment against Defendant Towing America, LLC. (Doc. No. 14). As explained below, the motion is granted.

In Counts I and III of his complaint, Plaintiff asserts unpaid minimum wage and overtime claims against Defendants under the Fair Labor Standards Act ("FLSA"). Defendant Towing America, LLC failed to respond to the complaint, and the Clerk entered a default against it. (Doc. No. 8). As a result, all of the well-pleaded allegations in Plaintiff's complaint are deemed admitted by Defendant Towing America, LLC.

Allegations that are deemed admitted include the following: Plaintiff was employed by Defendant Towing America, LLC as a tow truck driver. (Doc. No. 1, ¶ 4). Plaintiff was not an exempt employee under the FLSA. (Doc. No. 1, ¶ 11). Plaintiff regularly worked more than 40 hours per week and was not paid the overtime rate for hours worked in excess of 40. (Doc. No. 1, ¶ 12–15). During many weeks of his employment, Plaintiff was not paid the minimum wage for the hours that he had worked. (Doc. No. 1, ¶ 12). Plaintiff contends that Defendants' violations of the FLSA's minimum wage and overtime provisions was willful. (Doc. No. 1, ¶ 25,

40).

In support of his motion for default judgment, Plaintiff supplements his allegations by filing an affidavit detailing his damages. (Doc. No. 14-1). In his affidavit, Plaintiff states that he worked for Defendants from March 2014 through October 14, 2016. During that time, he worked 12 hours per day, six days per week (thus, he worked 72 hours each week). However, Plaintiff was only compensated as follows: $1,600 per week from March through September of 2014 (30 weeks); $1,000 per week from October 2014 through October 2015 (56 weeks); and $400 per week from November 2015 through October 14, 2016 (49 weeks[1]). As a result, Plaintiff seeks $8,784.72 in minimum wage damages and $29,439.04 in overtime damages, which totals $38,223.76. Additionally, Plaintiff seeks an equal amount in liquidated damages due to Defendant Towing America, LLC's willful violations of the FLSA.

The charts below set forth the damages that Plaintiff is entitled to be awarded under the FLSA. The amount of minimum wage damages awarded is lower than the amount Plaintiff requested, because the award is based on the federal minimum wage rate of $7.25 per hour, rather than Florida's minimum wage rate of $8.05 per hour.[2]

**MINIMUM WAGE DAMAGES**

| Time Period | Hours per week | Hourly Wage Paid | Minimum Wage Make-up Rate | Minimum Wage Owed |
|---|---|---|---|---|
| Nov 2015 – Oct 14, 2016<br><br>49 weeks | 72 | $400/72 hours<br><br>$5.56/hour | $7.25 - $5.56<br><br>$1.69 | $1.69 x 72 hours = $121.68/week<br>$121.68 x 49 weeks<br>**$5,962.32** |

---

[1]The Court notes that this period equates to 50 weeks, but Plaintiff requested compensation for only 49 weeks during this period. (Doc. No. 14-1).

[2]During this 49-week period, the federal minimum wage rate was $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Plaintiff requested minimum wage damages based on Florida's minimum wage rate of $8.05 per hour, but he fails to cite to any legal authority to support such a damages calculation. This also affected his overtime damages for the same period.

2

## OVERTIME DAMAGES

| Time Period | Weekly Pay and Regular Hourly Rate | Overtime Rate Owed Per Hour[3] | Overtime Hours[4] | Overtime Owed |
|---|---|---|---|---|
| Mar 2014 – Sept 2014<br>30 weeks | $1,600/72 hours<br>$22.22/hour | $22.22 x .5<br>$11.11/hour | 32 | $11.11 x 32 hours =<br>$355.52 per week<br>$355.52 x 30 weeks =<br>$10,665.60 for the period |
| Oct 2014 – Oct 2015<br>56 weeks | $1000/72 hours<br>$13.89/hour | $13.89 x .5<br>$6.95/hour | 32 | $6.95 x 32 hours =<br>$222.40 per week<br>$222.40 x 56 weeks =<br>$12,454.40 for the period |
| Nov 2015 – Oct 14, 2016<br>49 weeks | $400/72 hours<br>$5.56/hour<br><br>Federal minimum wage = $7.25/hour* | $7.25 x .5<br>$3.63/hour | 32 | $3.63 x 32 hours =<br>$116.16 per week<br>$116.16 x 49 weeks =<br>$5,691.84 for the period |
| | | | | **$28,811.84** |

Based on the above, Plaintiff is awarded minimum wage damages of $5,962.32 and overtime damages of $28,811.84, for a total of $34,774.16. Plaintiff is also awarded liquidated damages in the same amount. Thus, his total award of FLSA damages is $69,548.32.

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Default Judgment against Defendant Towing America, LLC (Doc. No. 14) is **GRANTED**.

(2) Plaintiff is awarded $34,774.16 in overtime and minimum wage damages under

---

[3]Overtime is paid as 1.5 times the person's regular rate of pay. Plaintiff was paid for all hours worked at his regular rate of pay, so he is owed .5 times his regular rate of pay for the overtime hours that he worked.

[4]Plaintiff contends that he regularly worked 32 overtime hours per week.

3

the Fair Labor Standards Act, plus an equal amount in liquidated damages, for a total award of $69,548.32 against Defendant Towing America, LLC as to Counts I and III of the complaint.

(3) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Towing America, LLC as to Counts I and III of the complaint, as set forth in this order.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of June, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record